IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DONNA SMITH AND DAN SMITH                              PLAINTIFFS

VS.                                CIVIL ACTION NO.: 3:04-CV-530BN

PETSMART, INC., CHRISTINA MURRY,
AND JOHN DOES                                          DEFENDANTS

## OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment of Defendant Petsmart, Inc. Having considered the Motion, Response, Rebuttal, and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.[1]

### I. Factual Background and Procedural History

In an Opinion and Order, dated January 6, 2005, and filed with the Clerk of the Court on January 24, 2005 ("January 24 Opinion and Order"), the Court, denying Plaintiffs' Motion to Remand, set forth the facts of this case as follows:

> Plaintiff Donna Smith ("Mrs. Smith") and her husband, Plaintiff Dan Smith, were shopping in Petsmart on June 14, 2002.  Mrs. Smith had been carrying a bag of dog food.  Presumably after deciding that her dogs needed

---

[1] Plaintiffs initially failed to file a Response to Defendant's Motion for Summary Judgment and on January 6, 2006, the Court rendered an Opinion and Order ("January 6 Opinion") granting the subject Motion for Summary Judgment. A Final Judgment dismissing the case was also filed with the Clerk of the Court on the same day. Plaintiffs subsequently moved to set aside the January 6 Opinion and Final Judgment. For good cause shown, the Court granted Plaintiffs' Motion to Set Aside. See Order, filed January 20, 2006. Plaintiffs have since filed their Response to Defendants' Motion for Summary Judgment, and the Court will now consider the Motion with the aide of Plaintiffs' Response.

another bag, she returned to the dog food shopping area to retrieve another. After picking up a second bag, Mrs. Smith turned around so that she could proceed in the direction of the checkout counter. At some point after she began walking (or perhaps even on her first attempted step), she tripped over the prong of a forklift that was extending into the aisle and fractured her ankle.[2]

Mrs. Smith further states in her deposition that she "probably" saw the forklift "out of the corner of [her] eye." She later clarifies that she was "conscious of something in the aisle," but that she did not realize it was a forklift. Deposition of Donna Smith, pp. 17, 19, attached as Exhibit "C" to Defendant's Motion for Summary Judgment. When asked if the forklift was visible, Mr. Smith exclaims, "oh yea, plain view, middle of the aisle." Deposition of Dan Smith, p. 11, attached as Exhibit "D" to Defendant's Motion for Summary Judgment.

Plaintiffs allege that the forklift "prongs were at floor level, not readily visible to anyone looking at merchandise on the store shelving, carrying objects in their arms or observing the forklift itself." Complaint, p. 2, ¶ 9, attached as Exhibit "A" to Defendant's Motion for Summary Judgment. As a result, Plaintiffs claim that Defendant was negligent and is therefore responsible for Mrs. Smith's injuries under failure to warn, failure to provide and

---

[2] Although the Complaint states that Mrs. Smith was proceeding to the checkout counter when she fell, it appears that she was actually looking at another item on the other side of the aisle when she turned around and began walking. See Deposition of Donna Smith, p. 17, attached as Exhibit "C" to Defendant's Motion for Summary Judgment.

maintain reasonably safe premises, and negligent supervision theories. Id. at pp. 3-4, ¶ 14.[3]

Defendants moved for summary judgment on November 4, 2005. That Motion is now fully briefed and ripe for consideration.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its

---

[3] Mr. Smith asserts a derivative loss of consortium claim against Defendant. Complaint, p. 4, ¶ 16.

3

motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim.  Id.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  Id. at 323-24.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980).  Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial.  National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III. Analysis

Defendant argues that a stationary forklift in plain view in the aisle of a large store such as Petsmart does not constitute an

4

unreasonably dangerous condition. Consequently, Defendant contends that it did not breach any duty owed to Mrs. Smith. Plaintiffs counter by arguing that Defendant had a duty to warn Mrs. Smith of the forklift prongs as she neither knew nor should have known that the prongs of the forklift were in her path. Further, because the prongs of the forklift were not open and obvious, Plaintiffs claim that Defendant failed to maintain its premises in a reasonably safe condition.

Mrs. Smith was a business invitee of Defendant; therefore, Defendant owed her a duty to "keep the premises reasonably safe and, _when not reasonably safe_, to warn only where there is hidden danger or peril that is not in plain and open view." Mayfield v. The Hairbender, 903 So.2d 733, 737 (Miss. 2005) (quotation marks and citations omitted) (emphasis added). In Mayfield, the Supreme Court of Mississippi explained that this duty owed to an invitee entails two distinct duties – (1) the duty to keep the premises reasonably safe and (2) when not reasonably safe, the duty to warn of hidden dangers. Id. at 738. Negligence can be found if either duty is breached. Id.

The ultimate issue before the Court is whether a forklift, positioned in the aisle of a Petsmart store, constitutes an unreasonably dangerous condition such that Defendant breached its duty to keep the premises reasonably safe. This determination "turns on whether the conditions are usual and whether customers

would normally expect to encounter such conditions on business premises." Smith v. Federal Cleaning Contractors, Inc., 126 Fed. App'x 672, 674 (5th Cir. 2005). In Smith, the United States Court of Appeals for the Fifth Circuit, applying Mississippi law, prevented a plaintiff who had tripped over a clearly visible water hose lying in front of a mall entrance from recovering. The court in Smith determined that the condition did not give rise to an unreasonably dangerous condition. Id. Considering the hose was used to clean outside the mall before the mall opened, the Smith court reasoned that the hose was being used for a "normal business practice that customers would normally expect to encounter on the shopping mall's premises." Id. at 674. The court also observed that there was little difference between a visible water hose and conditions such as "display stands, hand trucks, raised door thresholds, curbs, and steps, all of which have been held not to be unreasonably dangerous [by Mississippi courts]." Id.

In an almost identical case to the case at hand, the Mississippi Court of Appeals determined that Wal-Mart did not breach its duty to maintain a reasonably safe premises where a shopper had fallen over a visible hand truck in the aisle of the defendant's store. Wal-Mart Stores, Inc. v. Littleton, 822 So.2d 1056, 1059 (Miss. Ct. App. 2002). Holding that the hand truck was not an unreasonably dangerous condition, the court in Littleton opined that "the presence of a hand truck is hardly unusual in a

store like Wal-Mart, which moves high volumes of merchandise in a large area that is constantly in need of resupply." Id.

For the same reasons that the court in Littleton found that a visible hand truck was not unreasonably dangerous, this Court concludes that a stationary forklift in the aisle of a store such as Petsmart does not create an unreasonably dangerous condition. A hand truck and a forklift are similar pieces of equipment. They both serve the same purpose and both include prongs that are normally at or near floor level. The use of a forklift at a large store such as Petsmart, just as a hand truck at Wal-Mart, is a normal business practice that customers should expect to encounter. Moreover, the prongs of a forklift or hand truck cannot be distinguished from the forklift or hand truck itself. It would defy logic if a forklift or hand truck in the aisle of a store was deemed not to be an unreasonably dangerous condition, but at the same time, the prongs of the forklift or hand truck were considered unreasonably dangerous.

Plaintiffs argue that summary judgment is inappropriate because there is a genuine issue of fact as to whether the prongs of the forklift were open and obvious. However, in making this argument, Plaintiff has put the cart before the horse. As the Court stated in Mayfield, "[i]f the defendant was not negligent, it makes no difference if the dangerous condition was open and obvious to the plaintiff. . . .") See Mayfield, 903 So.2d at 737 (quoting

7

Tharp v. Bunge, Corp., 641 So.2d 20, 24 (Miss. 1994)). The Court has determined that, as a matter of law, the forklift did not present an unreasonably dangerous condition; therefore, whether or not the prongs on the forklift were open and obvious to Mrs. Smith is irrelevant.

Further, Plaintiffs reliance on Michalski v. Home Depot, Inc., 225 F.3d 113 (2d Cir. 2000) is misplaced. In Michalski, the United States Court of Appeals for the Second Circuit, applying New York law, held that a genuine issue of fact existed as to whether Home Depot breached its duty to a patron where the patron tripped over a pallet on a forklift. Id. at 122. However, the Michalski court was applying New York law, and implicit in its holding was that a genuine issue of fact existed as to whether the pallet on the forklift created an unreasonably dangerous condition. Under Mississippi law, however, those same conditions would be deemed reasonably safe, as a matter of law, thereby making an open and obvious inquiry unnecessary. Thus, the holdings in Michalski, which were based on New York law, cannot be squared with Mississippi law. The Court therefore finds that Defendant did not breach its duty to keep the premises reasonably safe.

Further, Defendant had no duty to warn Plaintiffs of the forklift. An unreasonably dangerous condition is a condition precedent to the duty to warn. Mayfield, 903 So.2d at 737. Because the Court has determined that the forklift did not present an

unreasonably dangerous condition, the duty to warn was never triggered.

Similarly, Plaintiffs' negligent supervision claim must fail. Because an unreasonably dangerous condition did not exist, there is no negligent conduct attributable to the employees of Defendant. If the employees were not negligent, it was impossible for Defendant to breach its duty to provide adequate supervision.

Accordingly, the Court finds that there are no genuine issues of fact remaining in this case and Defendant is therefore entitled to judgment as a matter of law.

## IV. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendant Petsmart, Inc. [docket entry no. 58] is well taken and is hereby granted. Defendant Petsmart, Inc., is hereby dismissed with prejudice. Seeing that all named Defendants have been dismissed, a Final Judgment will be entered reflecting the final resolution of this matter.[4]

---

[4] Although Defendant Christina Murray has not been terminated as a Defendant on the docket in this action, she was dismissed with prejudice in the Opinion and Order of this Court, dated January 6, 2005, and filed with the Clerk of the Court on January 24, 2005, under docket entry no. 9.

SO ORDERED this the 23rd day of March, 2006.


                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE


blj